1

2

3

4

5

6                   UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  PORFIRIO SANCHEZ,                No.  2:20-cv-00038-JAM-CKD

10            Plaintiff,

11      v.                          **ORDER GRANTING DEFENDANTS'**
                                    **MOTION TO CHANGE VENUE**
12  AETNA LIFE INSURANCE COMPANY,
   et al.,
13
              Defendant.
14

15
        This matter is before the Court on Nationwide Mutual
16
   Insurance Company and Aetna Life Insurance Company's
17
   ("Defendants") Motion to Change Venue.  Mot., ECF No. 5.
18
   Porfirio Sanchez ("Plaintiff") filed an opposition, ECF No. 11,
19
   to which Defendants replied, ECF No. 13.  After consideration of
20
   the parties' briefing on the motion and relevant legal authority,
21
   the Court GRANTS Defendants' Motion to Change Venue.[1]
22

23
                       I.  BACKGROUND
24
        Plaintiff was a commercial underwriter for Nationwide Mutual
25
   Insurance Company ("Nationwide").  Compl. ¶ 3, ECF No. 1.  During
26

27  _____
   [1] This motion was determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28  for May 19, 2020.

                               1

1 | Plaintiff's employment, he participated in a Nationwide-sponsored
2 | employee welfare benefits plan. Compl. ¶¶ 9, 10, 13. Under the
3 | plan, Plaintiff received short-term and long-term disability
4 | benefits. Compl. ¶¶ 10, 14. On July 6, 2017, Plaintiff fell in
5 | the shower, hitting his head and tail bone, and sustaining
6 | several injuries. Compl. ¶ 17. As a result, Plaintiff alleges
7 | he was no longer able "to attend to any normal activities[,]
8 | including work." Id.

9 | Plaintiff subsequently applied for short-term disability
10 | benefits. Compl. ¶ 18. Defendants paid Plaintiff's initial
11 | claim. Compl. ¶ 19. However, when Plaintiff's doctor failed to
12 | send updated medical records, Defendants terminated his short-
13 | term benefits on October 31, 2017. Id. Defendants reaffirmed
14 | the termination of Plaintiff's short-term benefits on February 7,
15 | 2019. Compl. ¶ 33. On June 25, 2019, Plaintiff applied for
16 | long-term disability benefits. Compl. ¶ 45. On August 1, 2019,
17 | Defendants denied Plaintiff's application, informing him that he
18 | was no longer eligible for long-term benefits because his short-
19 | term benefits had been denied. Compl. ¶ 46. Defendants upheld
20 | the denial on September 13, 2019, and then again on November 18,
21 | 2019. Compl. ¶¶ 49, 52.

22 | On January 1, 2020, Plaintiff filed suit against Defendants
23 | for violations of the Employee Retirement Income Security Act of
24 | 1974 ("ERISA"), §§ 502(a)(1)(B) and 502(a)(3). Compl. ¶¶ 61-65.
25 | Plaintiff seeks to recover disability benefits allegedly due to
26 | him under the benefits plan. Compl. ¶ 1. Defendants now move
27 | for the Court to change the venue of this case from the Eastern
28 | District of California to the Southern District of Ohio based on

2

1  a forum-selection clause in the benefits plan.  Mot. at 3-4.

2  Plaintiff opposes, arguing the applicable benefits plan failed to

3  specify venue.  Opp'n at 3-5.

4

5                           II.   OPINION

6        A.   Legal Standard

7        "For the convenience of parties and witnesses, in the

8  interest of justice, a district court may transfer any civil

9  action to any other district or division where it might have

10  been brought or to any district or division to which all parties

11  have consented."  28 U.S.C. § 1404(a).  Section 1404(a) seeks to

12  "prevent the waste of time, energy and money and to protect

13  litigants, witnesses and the public against unnecessary

14  inconvenience and expense[.]"  Van Dusen v. Barrack, 376 U.S.

15  612, 616 (1964) (internal quotation marks omitted).

16        In considering a motion to change venue, "[t]he presence of

17  a forum-selection clause . . . will be a significant factor that

18  figures centrally in the district court's calculus."  Stewart

19  Org. v. Ricoh Corp., 487 U.S. 22, 20 (1988) (quoting Van Dusen,

20  376 U.S. at 622).  A valid forum-selection clause constitutes

21  the parties' agreement as to the most appropriate forum.  Atl.

22  Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571

23  U.S. 49, 63 (2013).  Thus, the "court should ordinarily transfer

24  the case to the forum specified in that clause.  Only under

25  extraordinary circumstances unrelated to the convenience of the

26  parties should a § 1404(a) motion be denied."  Id.

27        The party seeking to defeat the forum-selection clause

28  bears the burden of demonstrating "that the transfer to the

                                 3

1    forum for which the parties bargained is unwarranted." Id.  To

2    defeat the clause, the party must "clearly show that enforcement

3    would be unreasonable and unjust." M/S Bremen v. Zapata Off-

4    Shore Co., 407 U.S. 1, 15 (1972).  A forum selection clause may

5    be deemed unreasonable if: (1) the inclusion of the clause in

6    the agreement was the product of fraud or overreaching; (2) the

7    party wishing to repudiate the clause would effectively be

8    deprived of his day in court were the clause enforced; and

9    (3) enforcement would contravene a strong public policy of the

10   forum in which suit is brought.  Holland Am. Line, Inc. v.

11   Wartsila N. Am., Inc., 485 F.3d 450, 458 (9th Cir. 2007).

12        Accordingly, when presented with such an agreement, the

13   court must disregard plaintiff's choice of forum and the

14   parties' private interests.  Atl. Marine, 571 U.S. at 64.

15   Instead, it can only "consider arguments about public-interest

16   factors" and "those factors will rarely defeat a transfer

17   motion."  Id.  The party acting in violation of the forum-

18   selection clause bears the burden of showing that public-

19   interest factors "overwhelmingly disfavor a transfer."

20   Id. at 67.

21        B.   The Forum-Selection Clause

22        The forum-selection clause at issue is included in the

23   benefits plan, as amended and restated on July 1, 2018 ("2018

24   benefits plan").  Mot. at 2.  The clause specifies that "[a]ny

25   legal action brought against the Plan must be filed in the

26   United States District Court, Southern District of Ohio, Eastern

27   Division."  Benefits Plan, Legal Actions § 10.10(b), Ex. A to

28   Mot., ECF No. 5-1.  This language indicates that any litigation

1    over the benefits plan <u>must</u> be initiated in the Southern

2    District of Ohio.  <u>Hunt Wesson Foods, Inc. v. Supreme Oil Co.</u>,

3    817 F.2d 75, 77 (9th Cir. 1987) ("[I]n cases in which forum

4    selection clauses have been held to require litigation in a

5    particular court, the language of the clauses clearly required

6    <u>exclusive</u> jurisdiction.") (emphasis in original).  The mandatory

7    nature of the forum-selection clause is not in dispute.  <u>See</u>

8    Opp'n at 3.

9        Plaintiff contends the case should not be transferred for

10   two reasons.  First, Plaintiff argues the forum-selection clause

11   does not apply to this action because the benefits plan in

12   existence at the time Plaintiff filed his short-term disability

13   claim did not include a forum-selection clause ("2017 benefits

14   plan").  Opp'n at 3-5.  Second, Plaintiff contends enforcement

15   of the clause would be unfair largely due to: (1) his financial

16   inability to bear the cost of the venue change; and (2) the

17   standard of review courts must apply in Ohio.  Opp'n at 5-9.

18   As explained below, neither argument is sufficient to defeat

19   Defendants' motion.

20        1.   <u>Applicability</u>

21        Plaintiff argues the forum-selection clause in the 2018

22   benefits plan is inapplicable because the 2017 benefits plan

23   governed at the time Plaintiff brought his disability claim.

24   Opp'n at 3.  Plaintiff was injured on July 6, 2017, and

25   subsequently applied for short-term disability benefits.  Compl.

26   ¶¶ 17-18.  The 2018 benefits plan came into effect on July 1,

27   2018.  Mot. at 2.  Plaintiff claims he is subject to the 2017

28   benefits plan, which did not contain a forum-selection clause,

1   rather than the 2018 benefits plan.  Opp'n at 3. (It is

2   undisputed that the 2017 benefits plan does not include a

3   mandatory forum provision.) Plaintiff is incorrect.

4       The controlling document is the version of the welfare plan

5   in effect when a participant's cause of action accrues.  Grosz-

6   Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1160 (9th

7   Cir. 2001) ("That she became permanently disabled and filed her

8   disability claim while the first policy was in effect is

9   irrelevant; it does not entitle her to invoke that plan's

10  provisions in perpetuity.").  A participant's cause of action

11  accrues on the date the claim is finally denied.  See id. at

12  1159; see also Wise v. Verizon Communications, Inc., 600 F.3d

13  1180, 1188 (9th Cir. 2010) (Plaintiff's ERISA claim accrued upon

14  final denial notification: when she was informed that no further

15  internal appeals were possible and that her opportunity to

16  submit more medical documentation had ceased).

17      The final administrative denial of Plaintiff's short-term

18  benefits occurred on February 7, 2019.  See Compl. ¶ 33.  And

19  the final administrative denial of Plaintiff's long-term

20  benefits occurred on November 18, 2019.  See Compl. ¶ 52.  Thus,

21  the 2018 benefits plan, which came into effect prior to both

22  final administrative denials, is the controlling document here.

23  See Marin v. Xerox Corp., 935 F.Supp.2d 943, 945 (N.D. Cal.

24  2013) (holding the benefits plan with a mandatory forum

25  provision that was in effect when plaintiff's claim was denied,

26  not the plan when her benefits were first granted, was the

27  controlling document).  Accordingly, its forum-selection clause

28  applies.

6

1   The validity of the forum-selection clause in the 2018

2   benefits plan is not in dispute.  Thus, the Court finds the

3   clause to be valid.  See Doe I v. AOL LLC, 552 F.3d 1077, 1083

4   (9th Cir. 2009) ("[A] forum selection clause is presumptively

5   valid; the party seeking to avoid a forum selection clause bears

6   a 'heavy burden' to establish a ground upon with [the court]

7   will conclude the clause is unenforceable.").  Moreover, courts

8   have held that forum-selection clauses are not inconsistent with

9   the terms or policy rationales of ERISA.  See e.g., Rodriguez v.

10  PepsiCo Long Term Disability Plan, 716 F.Supp.2d 855, 860 (N.D.

11  Cal. 2010) ("Nothing in the statutory language bars those

12  negotiating ERISA plans from narrowing that menu of options to

13  one venue in particular.  As many other district courts have

14  already observed, Congress could have—but has not—expressly

15  barred parties from agreeing to restrict ERISA's venue

16  provisions.").

17  The Court therefore finds that the forum-selection clause

18  contained in the 2018 benefits plan is applicable and valid.

19      2.   Fairness

20  When a forum-selection clause is scrutinized over its

21  "fundamental fairness," it may be deemed unfair if inclusion of

22  the clause was motivated by bad faith, if "accession to the

23  forum clause" was obtained "by fraud or overreaching," or if the

24  party had no notice of the forum provision.  Carnival Cruise

25  Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991).  The party

26  challenging the clause bears a "heavy burden of proof."  M/S

27  Bremen, 407 U.S. at 17.  Plaintiff does not argue that the

28  forum-selection clause is unfair for any of those reasons.

7

1    Instead, Plaintiff argues enforcement of the forum-selection
2    clause would be unfair because he would be burdened by
3    additional legal costs.  Opp'n at 6-7.  Plaintiff further argues
4    enforcement would be unfair because Ohio allows courts to review
5    the plan administrator's decision for abuse of discretion
6    whereas California requires *de novo* review.  Opp'n at 8-9.

7         With regard to additional legal costs, Plaintiff does not
8    contend that they would effectively "deprive[] [him] of his day
9    in court."  Rodriguez v. PepsiCo Long Term Disability Plan, 716
10   F.Supp.2d 855, 861 (N.D. Cal. 2010) (citing Murphy v. Schneider
11   Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004)).  Nor could he
12   so contend. In Rodriguez, the court enforced a forum-selection
13   clause, even though it was physically and financially impossible
14   for the California plaintiff to attend a trial in New York,
15   because the nature of an ERISA action is such that "the prospect
16   of a trial is highly improbable; rather, [the] action is likely
17   to be decided by the court on motions for summary judgment."
18   Id. at 862.  The court reasoned that, if trial were to occur,
19   the plaintiff could move to transfer venue back to the original
20   forum.  Id.  Absent the contention that a change in venue would
21   wholly deprive Plaintiff of his day in court, the Court cannot
22   take this argument into consideration as it must disregard the
23   parties' private interests and only consider arguments about
24   public-interest factors.  Atl. Marine, 571 U.S. at 64.

25        As for Plaintiff's argument about the standard of review,
26   it is without merit.  A denial of benefits claim in an ERISA
27   case "is to be reviewed under a *de novo* standard unless the
28   benefit plan gives the administrator or fiduciary discretionary

8

1  authority to determine eligibility for benefits or to construe

2  the terms of the plan." Firestone Tire and Rubber Co. v. Bruch,

3  489 U.S. 101, 115 (1989). If the benefit plan confers such

4  discretionary authority, then the decision to deny benefits is

5  reviewed for abuse of discretion. Id. Here, the 2018 benefits

6  plan grants discretion to the administrator. See Benefits Plan,

7  Legal Actions § 10.10(a), Ex. A to Mot., ECF No. 5-1. As a

8  result, the denial will be reviewed for abuse of discretion

9  regardless of whether the action progresses in California or

10 Ohio. See Valdez v. AT&T Umbrella Benefit Plan No. 1, 371

11 F.Supp.3d 754, 766 (S.D. Cal. 2019) (applying the abuse of

12 discretion standard to a denial of benefits claim brought in

13 California where the benefits plan conferred discretionary

14 authority).

15     In sum, Plaintiff has not borne the "heavy burden" of

16 showing the applicable forum-selection clause to be

17 unenforceable. AOL LLC, 552 F.3d at 1083. The Court finds that

18 enforcing this clause would not violate fundamental fairness.

19 Accordingly, the forum-selection clause applies in full force

20 and the matter must be transferred to the Southern District of

21 Ohio.

22                    III.   ORDER

23     For the reasons set forth above, the Court GRANTS

24 Defendants' Motion to Change Venue.

25     IT IS SO ORDERED.

26 Dated:  June 23, 2020

27

28                                   _____
                                     JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE